**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF OREGON ex rel. NORTHWEST PUBLIC COMMUNICATIONS COUNCIL,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>QWEST CORPORATION,<br><br>Defendant - Appellee. | No. 12-35628<br><br>D.C. No. 3:12-cv-00121-BR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 7, 2014
Portland, Oregon

Before:     TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior
            District Judge.[**]

Plaintiff Northwest Public Communications Council ("NPCC") appeals the

district court's dismissal of its complaint.  On appeal, NPCC contends that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

district court erred in (1) denying its motion to remand to Oregon state court; and (2) dismissing its complaint for failure to state a claim. We affirm.

The district court correctly concluded that all requirements for diversity jurisdiction under 28 U.S.C. § 1332 have been met. First, there is complete diversity between the parties. NPCC argues that because it brings its suit on behalf of the State of Oregon, and a state cannot be a party to a diversity action, *see Dept. of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011), diversity jurisdiction does not lie. NPCC points to no legal authority, however, demonstrating that it can bring suit on the State's behalf. We therefore conclude that the State is nothing more than a "sham or nominal party" that cannot "defeat removal on diversity grounds." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002). Second, this suit is a civil action. Third, the amount-in-controversy requirement is met in light of the information provided by defendant Qwest Corporation ("Qwest") in its notice of removal.

NPCC's other attempts to attack the district court's jurisdiction similarly fail. NPCC argues that 28 U.S.C. § 1342 strips the district court of jurisdiction. Under that provision, a district court cannot "enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates" under certain conditions. 28 U.S.C. § 1342. In bringing this suit, however, NPCC seeks to

enforce "order[s] affecting rates" rather than to "enjoin, suspend or restrain the operation of, or compliance with," them. Therefore, 28 U.S.C. § 1342 does not defeat jurisdiction. NPCC's argument that the district court lacked jurisdiction because of a separate appeal pending before this court at the time of Qwest's removal of this case is similarly meritless.

On the merits, the district court properly dismissed NPCC's complaint for failure to state a claim. NPCC's complaint raised six claims for relief. For each of these claims, however, NPCC has failed to provide any legal authority for its ability to bring the claim, or, in one instance, to comply with the statute of limitations.

**AFFIRMED.**